UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

Case No. 4:23mc0005-MW-MAF

Case Pending in the U.S. District Court for the Central District of California: Pacific Western Bank v. AIG Specialty Insurance Co., et al., 2:20-cv-11085-DMG-PD

_____

IN RE SUBPOENA SERVED ON
THE FLORIDA DEPARTMENT OF FINANCIAL
SERVICES, AS RECEIVER FOR PHYSICIANS
UNITED PLAN, INC.

_____

### ORDER DENYING MOTION TO QUASH RULE 45 SUBPOENA AND FOR PROTECTIVE ORDER

THIS CAUSE is before the Court on the Florida Department of Financial Services' ("Receiver") Motion to Quash Rule 45 Deposition Subpoena and For Protective Order. ECF No. 1. For the reasons stated below, that Motion is DENIED.

This matter arises from an action initiated by the Receiver on behalf of Physicians United Plan, Inc. ("PUP") against Pacific Western Bank ("PacWest") and two other Defendants, Central Bank of St. Louis and MB Financial Bank, N.A. See Florida Department of Financial Services, as Receiver for Physicians United Plan, Inc. v. Pacific Western Bank Corp., et

al., Ninth Judicial Circuit, Orange County, Florida, Case No. 2016-CA-004588-O ("the underlying case").  That underlying case was settled between the Receiver, PacWest and the other two banks in March 2021. Thereafter, PacWest brought suit against AIG because AIG denied coverage to PacWest in the underlying case.

In the new coverage case, AIG served the subject subpoena on the Receiver seeking to schedule a deposition of a representative of the Receiver.  After much negotiation, the topics to be covered in the to be scheduled deposition were limited to the following:

(1) The claims and allegations against any of the BANKS;
(2) The BANK's actual and/or potential defenses;
(3) The factual and legal bases for those claims, allegations, and defenses;
(4) Any evaluations, analysis, and/or recommendations conducted by, and/or on behalf of, YOU, and/or PUP related to those claims and/or defenses;
(5) The damages, other amounts, and other relief that you sought to recover from any of the BANKS;
(6) Any evaluations, analysis, and/or recommendations conducted by, and/or on behalf of, the [sic] YOU and/or PUP related to the damages, other than amounts, and/or relief that the [sic] YOU sought to recover from any of the BANKS; and
(7) All expert reports exchanged in connection with the Receiver Action

The Receiver continues to object to the subpoena, arguing that requiring a deposition of its representative will result in an undue burden or expense that

ought not be imposed on a non-party.[1]  Boilerplate objections are strongly disfavored."  N.D. Fla. Loc. R. 26.1(BC).  "The law in the Eleventh Circuit makes clear that boilerplate discovery objections are tantamount to no objections being raised at all and may constitute a waiver of the discovery being sought."  Rivera v. 2K Clevelander, LLC, No. 16-21437-Civ, 2017 WL 5496158, at *4 (S.D. Fla. Feb. 22, 2017) (quoted in Harvard v. Inch, No. 4:19cv212-MW/CAS, 2020 WL 701990, at *2 (N.D. Fla. Feb. 7, 2020)).

Unfortunately, the Receiver does little more than make a boilerplate objection regarding the undue burden and expense caused by the proposed discovery.  No detail regarding the specific expected cost or work hours required to respond is provided.  Instead, the Receiver generally contends that the information requested by AIG can be obtained by a review of the pleadings and other materials available to AIG from the underlying case.  That may be the case; however, AIG is entitled to inquire of the Receiver whether the Receiver agrees with the plain reading of those documents.  Moreover, the factual and legal basis for a claim or defense is an issue which

---

[1] The Receiver also objected to the subpoena to the extent it sought the disclosure of materials or information protected by the work product privilege.  ECF No. 1, pp. 14-15.  AIG has stated unequivocally that it is not seeking materials protected by the work product privilege.  ECF NO. 6, pp. 19-20.  Given that accommodation, there is no need for the Court to rule on that issue.  AIG is not entitled to discovery of privileged information or materials.

AIG should be permitted to explore because Florida is a "notice" pleading state and such evidentiary matters and the legal basis for such claims or defenses may not be readily apparent from the words contained within the pleadings.

The Receiver stands in the shoes of private actor, PUP. It is not appearing here as a governmental agency which has performed a governmental function that is tangentially related to underlying litigation. Testimony from the third party who asserted claims and opposed defenses raised by the Banks in the underlying litigation is certainly an area which is appropriate for further inquiry by an insurer that is being asked to provide coverage for a now settled claim, especially where other potentially responsible parties – in this case the other BANKS – exist. The fact that the third party has been supplanted by a receiver should not impact the relevance or availability of this testimony.

The need for the Receiver's testimony is only strengthened because the expected testimony will potentially be used at trial. AIG will have the opportunity to authenticate and lay a foundation for the admissibility of relevant documentary evidence during the deposition so that its trial presentation in the ongoing coverage dispute is streamlined and made less

costly. The dual purpose of this corporate representative deposition weighs in favor of permitting it to proceed despite the Receiver's objection.

With respect to the expense associated with the requested deposition, the Receiver stands in the same shoes as any other requested deponent. The Receiver has the absolute authority to designate a corporate representative. It need not designate an attorney or expert as such a representative. All that is required is that the designated person possess the knowledge available or obtainable by the Receiver at the time of the inquiry. If the inquiry ultimately requires the provision of expert testimony the deponent certainly retains the right to seek appropriate compensation. If the scheduled deposition requires that a deponent incur travel or other expenses to attend a deposition there may be a basis for providing for such costs. Absent that, this Court is unaware of any other cost-shifting remedy that would be appropriate in this case. The Receiver may be a non-party, but its claims in the underlying litigation make it an interested party.

Accordingly, it is

**ORDERED**:

1. The Motion to Quash Rule 45 Deposition Subpoena and for Protective Order (ECF No. 1) is **DENIED**.

2. The Rule 45 deposition in question will be scheduled at a mutually agreeable time prior to the discovery deadline in the pending coverage case.

3. With respect to the payment of any costs associated with the to be scheduled depositions, ruling on such issues is deferred pending the filing of an appropriate motion seeking such costs.

**DONE AND ORDERED** on August 21, 2023.

<u>s/ Martin A. Fitzpatrick</u>
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**